## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

JOHN DOE; DANIEL DOE Individually;     )
LISA DOE Individually;                  )
DANIEL DOE and LISA DOE as              )
Representatives and/or Next Best Friends )
Of JOHN DOE                             )
     Plaintiffs                       )
                                      )
vs.                                     )
                                      )   C.A. No.:
CITY of WARWICK by and through its      )
Treasurer/Finance Director              )
LYNNE PRODGER.; WARWICK                  )
POLICE DEPARTMENT;                      )
DETECTIVE TYLER STONE; OFFICERS )
JOHN ROE 1-10, in their Individual and  )
Official Capacities; CHIEF BRAD         )
CONNOR in his Official Capacity;        )
CITIZEN OBSERVER, LLC                   )
                                      )
     Defendants.                       )

## COMPLAINT AND JURY DEMAND

## INTRODUCTION

This action is brought by Plaintiffs seeking declaratory relief and compensatory and punitive damages for acts and/or omissions of various Municipal Defendants committed in violation of Plaintiff JOHN DOE's constitutional, common law and statutory rights.  Plaintiffs also bring suit pursuant to Rhode Island Common law and against the corporate Defendant under negligence and/or products liability theories.

## PARTIES

1.  The Plaintiffs reside in Warwick, Rhode Island.

1

2. Plaintiff JOHN DOE was at pertinent times to this Complaint a minor and otherwise has developmental disabilities – i.e. Down Syndrome.

3. Plaintiffs DANIEL DOE and LISA DOE are the parents of Plaintiff JOHN DOE.

4. Plaintiffs DANIEL DOE and LISA DOE sue both individually and in a representative capacity for Plaintiff JOHN DOE to the extent necessary and/or otherwise consistent with the Rhode Island Supported Decision-Making Act R.I.G.L. § 42-66.13-1 et. seq.

5. Plaintiffs proceed under a pseudonym given the capacity, age and developmental disabilities and/or delays of Plaintiff JOHN DOE and third parties and otherwise due to the nature of the acts/omissions of the Defendants and third parties.

6. Defendant CITY OF WARWICK, is a municipal corporation organized under the laws of the State of Rhode Island and is sued by and through its Treasurer, LYNNE PRODGER as the official designated by state law, R.I.G.L. § 45-15-5, to be named in a suit for relief against such municipal Defendant.

7. Defendant, LYNNE PRODGER, is Treasurer for the City of Warwick, and is a named defendant pursuant to R.I.G.L. § 45-15-5 in her Official Capacity.

8. Defendant WARWICK POLICE DEPARTMENT is the police department for the City of Warwick.

9. Defendant CHIEF BRAD CONNOR is the Chief of Police of the WARWICK POLICE DEPARTMENT.  Defendant CHIEF BRAD CONNOR is sued in his official capacity as supervising officer of the WARWICK POLICE DEPARTMENT.

10. Defendant Detective TYLER STONE is sued in his individual capacity and in his official capacity.

11. Officers JOHN ROE 1-10 are sued individually and in their Official Capacity as Police Officers of the Warwick Police Department.

12. Defendants set forth in paragraphs 6-11 herein are hereinafter referred to jointly as the 'Municipal Defendants.'

13. Defendant CITIZEN OBSERVER, LLC is a for-profit Corporate entity organized under the laws of the State of Minnesota with a principal office at 55 East Fifth Street, Suite 1020, St. Paul, MN 55101.

## JURISDICTION/VENUE

14. This Court has jurisdiction pursuant to numerous statutes including 28 U.S.C. §§ 1331, 1343, 1367, 2201 and 2202.

15. Venue is proper in this Court insofar as, on information and belief, all of the Defendants reside or may be found in the District of Rhode Island in compliance with the requirements set forth in 28 U.S.C. § 1391.

16. Venue is also proper because all of the acts and/or omissions giving rise to the claims herein occurred in the District of Rhode Island.

## FACTS

17. Plaintiff JOHN DOE has Down Syndrome.

18. In late 2022 an individual who will hereinafter be referred to as 'JOSEPH ROE' began posting online about JOHN DOE on websites and various social media platforms.

19. Upon information and belief, JOSEPH ROE has significant developmental disabilities and at all times pertinent was emotionally disturbed and/or otherwise under stress. Upon information and belief, the Municipal Defendants and/or their agents or employees have

determined that JOSEPH ROE lacked the intellectual capacity and/or ability to form intentional actions and/or criminal intent.

20. Between November 15, 2022 and December 8, 2022, JOSEPH ROE posted multiple times on a website called https://rate-driver.com.  The posts identified JOHN DOE by name and stated his high school.  The posts also tagged or identified DANIEL DOE's license plate and/or personal vehicle. The posts alleged that JOHN DOE harassed and assaulted individuals, murdered pets and engaged in discriminatory conduct and/or speech.

21. On or about January 29, 2023, JOSEPH ROE posted on https://rate-driver/com that '[JOHN DOE]… has done it again.  He violated and raped a 16 year old girl in the trunk of his Cadillac and even jizzed on her face.  Absolutely disgusting that this monster deserves to exist.  If you do see him, call the goddamn police on him.'

22. On or about January 29, 2023, JOSEPH ROE sent Facebook messages to LISA DOE, stating:

　　a. 'Fuck your Asian swine of a son! I hope that bitch burns in hell!  He's worse than [REDACTED] and [REDACTED][1]!'

　　b. 'Maybe if your son got some goddamn plastic surgery, he's be a decent member of society.'

　　c. '[JOHN DOE]' was born on the side of the road, because that's where most accidents happen.'

23. Upon information and belief, on or about February 2, 2023, the WARWICK POLICE DEPARTMENT began utilizing a so-called Tip411 program to receive and disseminate

---

[1] The messages identified what appear to be two minors who attended high school with JOHN DOE.

policing information.  Said application allows police departments to receive anonymous tips.

24. The Tip411 Application was at all times pertinent operated, manufactured, sold and marketed by Defendant CITIZEN OBSERVER, LLC.

25. Upon information and belief, the Tip411 program was purchased for or by the WARWICK POLICE DEPARTMENT, which issued press releases touting and publicizing the program and encouraging individuals to use the application to provide anonymous tips as to criminal or allegedly criminal activity.

26. On or about February 4, 2023, JOSEPH ROE posted multiple times on facebook regarding JOHN DOE.  Such posts listed the Plaintiffs' home address and claimed that JOHN DOE had engaged in sexual relations with the family dog.

27. On or about February 6, 2023, JOSEPH ROE messaged a Martial Arts Program where JOHN DOE attended classes via facebook. Such messages stated that JOHN DOE had sexually abused his dog and stated that JOHN DOE should be kicked out of classes.

28. On or about February 10, 2023, JOSEPH ROE used the Tip411 program to falsely report that JOHN DOE was sexually abusing the family dog.  This conduct led the WARWICK POLICE DEPARTMENT to contact DANIEL DOE to discuss the complaint.  DANIEL DOE explained that the complaint was false. During that call, a Warwick Police Officer indicated that the Plaintiffs' home would be flagged or a caution would be placed upon the home given the prank call.

29. On or about February 13, 2023, JOSEPH ROE posted a picture of JOHN DOE on the facebook page of JOHN DOE's sister (hereinafter "JANE DOE").  JOSEPH ROE wrote that 'Your brother is a bestiality loving accident. He is a piece of anal shit who doesn't

5

deserve love, therapy, medication, or food.  If he was never born, the world would be a much better place.'  This post was a response to a post promoting a Breast Cancer Awareness Womens' Basketball Game at JANE DOE's college/university.

30. After becoming aware of the posts, JANE DOE spoke with her Basketball Coach who involved campus police.  Upon information and belief, Campus police communicated with the WARWICK POLICE DEPARTMENT.

31. After the February 13, 2023 posts, LISA DOE located the prior direct messages from JOSEPH ROE.

32. On or about February 13, 2023, DANIEL DOE met with Warwick Police officers to discuss the messages, posts and false call.  DANIEL DOE filed a police report and met with a WARWICK POLICE DEPARTMENT Detective the next day.  DANIEL DOE provided information about the posts and messages the family had been sent.

33. On or about February 15, 2023 DANIEL DOE met with Warwick Police, the resource officer at JOHN DOE's school and administrators at JOHN DOE's school to ensure his safety and set up a safety plan.

34. Over the following months, DANIEL DOE repeatedly met with school administrators and WARWICK POLICE DEPARTMENT Officers and detectives regarding JOHN DOE's safety. DANIEL DOE and LISA DOE repeatedly expressed their belief that some unknown individual wanted JOHN DOE dead and repeatedly provided the messages and posts set forth herein.

35. On or about or about February 18, 2023, JOSEPH ROE responded to a year-old post on YouTube related to a video involving JOHN DOE.  JOSEPH ROE responded to an old

post of LISA DOE and posted that JOHN DOE was a 'crapstain' and that JOSEPH ROE hoped he would 'burn in hell.'

36. On or about March 1, 2023, DANIEL DOE spoke with an instructor at JOHN DOE's Martial Arts program to inform the instructor about the posts and messages. The instructor showed DANIEL DOE the facebook messages JOSEPH ROE sent on or about February 6, 2023.

37. On or about March 3, 2023, JOSEPH ROE posted another hateful message about JOHN DOE below a facebook post made by the Warwick Public Schools.

38. On or about March 8, 2023, JOSEPH ROE posted on the facebook page of the private school where JANE DOE attended high school that '17 year old [JOHN DOE] is a Chinese chink who deserves to get every STD on Earth due to his bestiality supporting habits. I hope he dies.'

39. On or about March 15, 2023, JOSEPH ROE reposted on facebook a WPRI article about an individual charged with attempted murder and again posted about JOHN DOE.

40. On or about April 27, 2023, JOSEPH ROE direct messaged JANE DOE via Instagram. The messages stated:

    d. 'Let me just say your brother [JOHN DOE] is a mentally handicapped donkey with the brain capacity of a goldfish. [JOHN DOE] looks like he'd be in the donkey enclosure at the petting zoo, and he looks he gives his hair volume with expired mayonnaise. Do your parents feed him bricks for breakfast? His lips look more puffy than Kim Kardashian's asshole! Seriously, that kid should carry a plant around to replace all of the valuable oxygen he wastes just by existing. This

motherfucker honestly deserves to die being so goddamn stupid. Fuck you, [JOHN DOE], fuck your family, fuck your life, and go jump off a bridge.'

   e. 'Fuck your brother. He is a diabolical piece of shit who deserves to jump off a bridge. I really hope he does because the world would be better without him.'

41. The messages to JANE DOE included a picture of JOHN DOE in front of their family home with the address number visible.

42. That same day, JOSEPH ROE again posted on the facebook page of JOHN DOE's Martial Arts program under pictures of students and posted a picture of JOHN DOE and wrote '[JOHN DOE] is a horrible human being who deserves the worst in life. I hope he gets diseases, I hope bad stuff happens to him his whole life and I hope he loses everything.'

43. On or about May 3, 2023, DANIEL DOE and LISA DOE met with the resource officer at JOHN DOE's school to provide additional information about JOSEPH ROE's conduct and to attempt to escalate any ongoing investigation and to determine the identity of the individual who wished JOHN DOE harm (i.e. JOSEPH ROE).

44. On or about May 25, 2023, JOSEPH ROE used the Tip411 program to send a message stating 'I am a seventeen year old [JOHN DOE]. I have a pistol and will shoot and kill my father with it at 3:02 P.M. He's abused me for years and I've had enough. My address is [REDACTED].'

45. Several hours later at approximately 6:49 P.M., 10 officers of the WARWICK POLICE DEPARTMENT – OFFICERS JOHN ROE 1-10 - were dispatched to the Plaintiffs' home. Upon arrival, the officers found JOHN DOE in athletic gear on his lawn. Upon information and belief, the officers brandished weapons – including assault rifles and/or shotguns - at JOHN DOE then aggressively detained him. The officers repeatedly asked JOHN DOE

8

about killing his father and used excessive, unlawful and unnecessary force against JOHN DOE.

46. DANIEL DOE and LISA DOE came out of their home and spoke with the officers and JOHN DOE was released.  The officers inexplicably claimed that JOHN DOE had made a phone call to dispatch.

47.  On May 27, 2023, another tip was placed by JOSEPH ROE utilizing Tip411 claiming that there was a hostage situation at the Plaintiffs' home and/or that LISA DOE was holding JOHN DOE hostage.  At approximately 10:45 P.M. Warwick Police called DANIEL DOE and asked about the false tip.  DANIEL DOE indicated the tip was false.  The Warwick Officer indicated that no flag or caution had been posted on the Plaintiffs' home.

48. Between February and May 2023, Plaintiffs repeatedly communicated with and provided to the Municipal Defendants information and evidence about the conduct towards JOHN DOE and repeatedly requested that the Municipal Defendants investigate such conduct and take action to protect JOHN DOE.   During that time period, the Municipal Defendants failed to act to investigate Plaintiffs' complaints and determine the identity of JOSEPH ROE.

49. Upon information and belief, the Municipal Defendants failed to act upon such complaints and failed to adequately or timely investigate or consider prosecuting the conduct towards the Plaintiffs due to Plaintiff JOHN DOE's disability.

50. Upon information and belief, the Municipal Defendants discriminated against the Plaintiffs on the basis of Plaintiff JOHN DOE's disabilities in investigating and/or responding to the numerous complaints filed by the Plaintiffs and communications from the Plaintiffs.

51. Upon information and belief, it was only after their illegal conduct towards JOHN DOE in May 2023, that the Municipal Defendants investigated the conduct towards the Plaintiffs. Upon information and belief, once the Municipal Defendants actually investigated the conduct towards the Plaintiffs they immediately located and determined the individual responsible for such conduct and determined the identity of JOSEPH ROE.

52. The Defendants also discriminated against the Plaintiff JOHN DOE in their conduct towards JOHN DOE upon arriving at the Plaintiffs' home on May 25, 2023.

53. Upon information and belief, the Municipal Defendants were aware prior to the illegal detention and/or assault of JOHN DOE that the Tip411 program was being used for improper purposes and further that it was leading to deprivations of rights under color of law.

54. Upon information and belief, the Municipal Defendants were aware that the Tip411 program provided anonymous tips that would need to be investigated, corroborated and/or addressed.

55. For example, after the two 'Swatting' calls, Defendant DETECTIVE TYLER STONE texted with DANIEL DOE and indicated that JOSEPH ROE had utilized the Tip411 program and that the anonymous app had been 'nothing but a problem.'

56. Similarly, supervisors within the Defendant WARWICK POLICE DEPARTMENT indicated to DANIEL DOE that the system was a problem and had been from the start and that the Defendants were seeking to terminate or get out of the contract for the application.

57. Upon information and belief, the Tip411 program and/or the Defendant CITIZEN OBSERVER, LLC did not provide any or adequate trainings, warnings or information for the Municipal Defendants to process, vet and/or react to anonymous tips.

58. Upon information and belief, despite the clear 4th Amendment and/or Constitutional implications of an anonymous tip program and actual knowledge of the abuse and/or difficulties implementing the Tip411 program, the WARWICK POLICE DEPARTMENT and CHIEF BRAD CONNOR failed and/or inadequately trained personnel – including dispatchers, decision makers and/or detectives – on the system and its use and/or failed to set up protocols and/or procedures for investigating, corroborating and/or acting upon anonymous tips.

59. Upon information and belief, the WARWICK POLICE DEPARTMENT and CHIEF BRAD CONNOR failed to institute, enact or provide training and/or reasonably adequate or necessary training and/or procedures or protocols to vet, corroborate, respond to and/or process anonymous tips.

60. Such failures and/or negligent or unreasonable conduct on the part of the WARWICK POLICE DEPARTMENT, CHIEF BRAD CONNOR and/or CITIZEN OBSERVER, LLC put at risk the safety and civil liberties of members of the Warwick community who were the subject of anonymous tips and further rendered the Tip411 application/product unreasonably dangerous.

61. Such failures and/or negligent or unreasonable conduct on the part of the WARWICK POLICE DEPARTMENT, CHIEF BRAD CONNOR and/or CITIZEN OBSERVER, LLC exhibited a deliberate indifference to the safety and civil liberties of members of the Warwick community.

62. Plaintiffs have timely satisfied all conditions precedent to bringing suit.

## COUNT I – 4th/14th AMENDMENT VIOLATION UNDER 42 U.S.C. § 1983
## JOHN DOE v. MUNICIPAL DEFENDANTS

63. The Plaintiffs repeat and re-allege the above paragraphs as if each were set forth here in its entirety.

64. Defendants, acting under the color of state law, by their acts and/or omissions, including, but not limited to, those described herein, violated Plaintiff JOHN DOE's right to be free from unreasonable search and seizure, causing JOHN DOE to suffer harm as aforesaid, and thereby deprived Plaintiff of rights secured under the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983.

65. Defendants further exerted excessive force upon JOHN DOE.

66. As a direct and proximate result of the conduct of the Defendants, the Plaintiff has sustained serious and permanent injuries, has suffered great pain of body and mind, has been prevented from transacting their usual activities, has incurred expenses for medical attention, and has sustained financial loss both present and future.

### COUNT II – FAILURE TO TRAIN UNDER 42 U.S.C. § 1983
### JOHN DOE v. MUNICIPAL DEFENDANTS

67. The Plaintiffs repeat and re-allege the above paragraphs as if each were set forth here in its entirety.

68. Defendants failed to adopt clear policies and failed to properly train personnel of the WARWICK POLICE DEPARTMENT on the Tip411 application and its use and further in relation to investigating, corroborating and/or responding to anonymous tips.

69. Such acts and/or omissions represented a recurrent scenario – i.e. the Defendants repeatedly and continuously utilized the anonymous tip line.

70. Such failures, acts and/or omissions represented a deliberate indifference to the clear constitutional rights and civil liberties of individuals similarly situated to the Plaintiff JOHN DOE.

71. Defendants' policies or customs set forth herein, and their failure to adopt clear policies and failure to properly train personnel, were a direct and proximate cause of the constitutional deprivation suffered by Plaintiff JOHN DOE.

72. As a direct and proximate result of the conduct of the Defendants, the Plaintiff has sustained serious and permanent injuries, has suffered great pain of body and mind, has been prevented from transacting their usual activities, has incurred expenses for medical attention, and has sustained financial loss both present and future.

## COUNT III – ADA VIOLATION
## JOHN DOE v. MUNICIPAL DEFENDANTS

73. The Plaintiffs repeat and re-allege the above paragraphs as if each were set forth here in its entirety.

74. Title II of the ADA, 42 U.S.C. §§ 12131 et. seq. applied to the Defendants as did 28 C.F.R. Part 35 at all relevant times.

75. At all relevant times Plaintiff JOHN DOE was an individual with a disability under the ADA.

76. Defendant CITY OF WARWICK was and is a public entity under the ADA.

77. The Defendants, by their acts and/or omissions herein deprived Plaintiffs the benefits of services, programs or activities and/or otherwise subjected the Plaintiffs to discrimination in violation of the ADA and/or its implementing regulations.

78. As a direct and proximate result of the conduct of the Defendants, the Plaintiff has sustained serious and permanent injuries, has suffered great pain of body and mind, has been prevented from transacting their usual activities, has incurred expenses for medical attention, and has sustained financial loss both present and future.

## COUNT IV – REHABILITATION ACT VIOLATIONS

**JOHN DOE v. MUNICIPAL DEFENDANTS**

79. The Plaintiffs repeat and re-allege the above paragraphs as if each were set forth here in its entirety.

80. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 et. seq. applied to the Defendants at all relevant times.

81. At all times pertinent Plaintiff JOHN DOE was an individual with a disability under the Rehabilitation Act and/or related enactments or regulations.

82. Defendant CITY OF WARWICK is a public entity receiving Federal financial assistance.

83. The Defendants, by their acts and/or omissions herein deprived Plaintiffs the benefits of services, programs or activities and/or otherwise subjected the Plaintiffs to discrimination in violation of the Rehabilitation Act and/or its implementing regulations.

84. As a direct and proximate result of the conduct of the Defendants, the Plaintiff has sustained serious and permanent injuries, has suffered great pain of body and mind, has been prevented from transacting their usual activities, has incurred expenses for medical attention, and has sustained financial loss both present and future.

**COUNT V – R.I.G.L. § 42-87-1 et. seq. VIOLATION**
**JOHN DOE v. MUNICIPAL DEFENDANTS**

85. The Plaintiffs repeat and re-allege the above paragraphs as if each were set forth here in its entirety.

86. Plaintiff JOHN DOE was and is a person with a disability under R.I.G.L. § 42-87-1 et. seq.

87. Defendants are persons and entities to which said enactment applies.

88. The Defendants, by their acts and/or omissions herein deprived Plaintiffs the benefits of services, programs or activities and/or otherwise subjected the Plaintiffs to discrimination

in violation of the Rhode Island Civil Rights of People with Disabilities Act and/or its implementing regulations.

89. As a direct and proximate result of the conduct of the Defendants, the Plaintiff has sustained serious and permanent injuries, has suffered great pain of body and mind, has been prevented from transacting their usual activities, has incurred expenses for medical attention, and has sustained financial loss both present and future.

## COUNT VI – FALSE ARREST/IMPRISONMENT AT COMMON LAW
## JOHN DOE v. MUNICIPAL DEFENDANTS

90. The Plaintiffs repeat and re-allege the above paragraphs as if each were set forth here in its entirety.

91. Defendants, by their individual acts and/or omissions, including, but not limited to, those described herein, unlawfully restrained Plaintiff JOHN DOE, arresting and/or detaining him without probable cause and restraining his freedom of movement and restricting his liberty, all without legal reason or justification, while Plaintiff JOHN DOE was at all times conscious of his confinement, in violation of the common law.

92. As a direct and proximate result of the conduct of the Defendants, the Plaintiff has sustained serious and permanent injuries, has suffered great pain of body and mind, has been prevented from transacting their usual activities, has incurred expenses for medical attention, and has sustained financial loss both present and future.

## COUNT VII – VICARIOUS LIABILITY UNDER COMMON LAW
## JOHN DOE v. MUNICIPAL DEFENDANTS

93. The Plaintiffs repeat and re-allege the above paragraphs as if each were set forth here in its entirety.

94. Defendants CITY OF WARWICK and/or WARWICK POLICE DEPARTMENT were at all relevant times vicariously responsible for the acts of their employees, agents and/or servants, including, but not limited to, the acts of the individual Officers named herein.

95. As a direct and proximate result of the conduct of the Defendants, the Plaintiff has sustained serious and permanent injuries, has suffered great pain of body and mind, has been prevented from transacting their usual activities, has incurred expenses for medical attention, and has sustained financial loss both present and future.

## COUNT VIII – ASSAULT AND BATTERY UNDER COMMON LAW
### JOHN DOE v. MUNICIPAL DEFENDANTS

96. The Plaintiffs repeat and re-allege the above paragraphs as if each were set forth here in its entirety.

97. By the conduct set forth herein the DEFENDANTS did assault and batter JOHN DOE.

98. As a direct and proximate result of the conduct of the Defendants, the Plaintiff has sustained serious and permanent injuries, has suffered great pain of body and mind, has been prevented from transacting their usual activities, has incurred expenses for medical attention, and has sustained financial loss both present and future.

## COUNT IX – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UNDER COMMON LAW
### ALL PLAINTIFFS v. MUNICIPAL DEFENDANTS

99. The Plaintiffs repeat and re-allege the above paragraphs as if each were set forth here in its entirety.

100.     By the conduct set forth herein the DEFENDANTS did negligently inflict emotional distress upon the Plaintiffs.  Such distress was foreseeable, had physical manifestation and/or was accompanied by physical harm and/or Plaintiffs were within

close proximity and/or in close proximity to JOHN DOE when he was assaulted and/or battered.

101.    As a direct and proximate result of the conduct of the Defendants, the Plaintiffs have sustained serious and permanent injuries, have suffered great pain of body and mind, have been prevented from transacting their usual activities, have incurred expenses for medical attention, and have sustained financial loss both present and future.

**COUNT X – R.I.G.L. § 9-1-2**

**JOHN DOE v. MUNICIPAL DEFENDANTS**

102.    The Plaintiffs repeat and re-allege the above paragraphs as if each were set forth here in its entirety.

103.    By the conduct set forth herein the DEFENDANTS did commit numerous criminal acts towards JOHN DOE such that he is entitled to recover under R.I.G.L. § 9-1-2.

104.    As a direct and proximate result of the conduct of the Defendants, the Plaintiff has sustained serious and permanent injuries, has suffered great pain of body and mind, has been prevented from transacting their usual activities, has incurred expenses for medical attention, and has sustained financial loss both present and future.

**COUNT XI – NEGLIGENCE**

**JOHN DOE v. CITIZEN OBSERVER, LLC**

105.    The Plaintiffs repeat and re-allege the above paragraphs as if each were set forth here in its entirety.

106.    The Defendant, CITIZEN OBSERVER, LLC by and through its agents, servants and/or employees, had a duty to manufacture and/or designed and/or sell and/or supply the Tip411 Application/Product in a reasonably safe manner and/or condition and to

make reasonable efforts to ensure the Tip411 Application/Product was in a reasonably safe condition, and to provide reasonable warnings of its danger.

107.    The Tip411 Application/Product was defective in design, manufacture, assembly, marketing and/or sale, which defects rendered it unfit and unreasonably dangerous to foreseeable users such as Plaintiff.  Further the Tip411 Application/Product was defective in its failure to come with reasonable warnings of foreseeable danger from its foreseeable users and/or end users or consumers and/or individuals – such as the Plaintiff - whom would foreseeably interact with the same.

108.    Defendant CITIZEN OBSERVER, LLC did negligently breach its duty of care.

109.    As a direct and proximate result of the conduct of the Defendant, the Plaintiff has sustained serious and permanent injuries, has suffered great pain of body and mind, has been prevented from transacting their usual activities, has incurred expenses for medical attention, and has sustained financial loss both present and future.

## COUNT XII – STRICT LIABILITY

## JOHN DOE v. CITIZEN OBSERVER, LLC

110.    The Plaintiffs repeat and re-allege the above paragraphs as if each were set forth here in its entirety.

111.    At the time the Defendant, CITIZEN OBSERVER, LLC by and through its agents, servants and/or employees, manufactured and/or designed and/or sold and/or supplied the Tip411 Application/Product, it was defective in design, manufacture, assembly and sale, which defects rendered it unfit and unreasonably dangerous to foreseeable users such as Plaintiff, and the Application/Product was further defective in

18

its failure to come with reasonable warnings of foreseeable danger from its foreseeable use.

112.    As a direct and proximate result of the acts and/or omission of the Defendant, the Plaintiff has sustained serious and permanent injuries, has suffered great pain of body and mind, has been prevented from transacting their usual activities, has incurred expenses for medical attention, and has sustained financial loss both present and future.

## COUNT XIII – BREACH OF WARRANTY

## JOHN DOE v. CITIZEN OBSERVER, LLC

113.    The Plaintiffs repeat and re-allege the above paragraphs as if each were set forth here in its entirety.

114.    Defendant CITIZEN OBSERVER, LLC by and through its agents, servants and/or employees, is a merchant and/or manufacturer and/or seller and/or distributor and/or marketer with respect to the Tip411 Application/Product.

115.    Defendant CITIZEN OBSERVER, LLC warranted implicitly and/or expressly warranted that the Tip411 Application/Product was safe, of merchantable quality, fit for its intended and foreseeable use and fit for the particular purpose which it was marketed and sold.

116.    The Tip411 Application/Product was of unmerchantable quality, unsafe for ordinary use and unfit for the particular purpose for which it was marketed and sold.

117.    As a result of such condition it was foreseeable that individuals such as the Plaintiff and those similarly situated would be injured by the Tip411 Application/Product.

118.    As a direct and proximate result of the acts and/or omission of the Defendant, the Plaintiff has sustained serious and permanent injuries, has suffered great pain of body and

mind, has been prevented from transacting their usual activities, has incurred expenses for medical attention, and has sustained financial loss both present and future.

## COUNT XIV – CONSORTIUM

## LISA DOE AND DANIEL DOE

119.     The Plaintiffs repeat and re-allege the above paragraphs as if each were set forth here in its entirety.

120.     Plaintiffs DANIEL DOE and LISA DOE herein assert consortium claims for harm caused to their child pursuant to R.I.G.L. § 9-1-41 as applicable against all Defendants.

## REQUEST FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that this Honorable Court grant the following relief:

I.  Judgment against the Defendants;

II. Damages, including compensatory, emotional distress, punitive, and/or liquidated, to the Plaintiffs, as authorized or mandated by applicable law, in an amount to be determined at trial;

III. Pre-judgment and post-judgment interest;

IV. Appropriate injunctive, declaratory and other equitable relief; and

V.  Such other relief as this Honorable Court may deem just and appropriate under the circumstances.

## JURY DEMAND

The Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: January 10, 2025                    Respectfully submitted,
                                                                    The Plaintiffs,

By their attorneys,


/s/ Samuel Kennedy-Smith

Samuel Kennedy-Smith (8867)
Duddy Goodwin & Pollard
446 Main Street, 16th Floor
Worcester, MA 01608
sks@dgpfirm.com