UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| JOHN DOE; DANIEL DOE, *Individually*; LISA DOE, *Individually*; DANIEL DOE and LISA DOE, *as Representatives and/or Next Best Friends of* JOHN DOE,<br>        Plaintiffs.<br><br>    v.<br><br>CITY of WARWICK, *by and through its Treasurer/Finance Director* LYNNE PRODGER; WARWICK POLICE DEPARTMENT; DETECTIVE TYLER STONE; OFFICERS JOHN ROE 1-10, *in their individual and Official Capacities*; CHIEF BRAD CONNOR in *his Official Capacity*; CITIZEN OBSERVER, LLC,<br>        Defendants. | C.A. No. 25-cv-016-JJM-PAS |

ORDER

Defendant Warwick Police Department ("Warwick P.D.") began using an application service provider to assist with receiving tips on criminal activity from the public. The technology, Tip411, is a product that allows law enforcement to receive and more efficiently act on anonymous tips. Defendant Citizen Observer, LLC ("Citizen Observer") manufactured and sold Tip411 to law enforcement agencies, including the Warwick P.D. Plaintiff John Doe[1] sued Warwick P.D. and Citizen Observer after a third party, Joseph Roe,[2] used Tip411 to make false and harassing

---

[1] A pseudonym.
[2] Also, a pseudonym.

tips about him. He brings ten[3] claims against Warwick P.D., along with a loss of consortium claim, and three claims against Citizen Observer, also with a loss of consortium claim. Citizen Observer moves to dismiss the negligence claim (Count XI), strict liability claim (Count XII), breach of warranty (Count XIII), and loss of consortium (Count XIV). ECF No. 14.

I. BACKGROUND

In early 2023, Warwick P. D. bought a program called Tip411 from Citizen Observer that allows the department to receive tips from anonymous users. Upon purchasing Tip411, Warwick P. D. received several anonymous tips from Mr. Roe[4] containing false information about Mr. Doe; specifically, Mr. Roe stated that Mr. Doe was sexually abusing the family dog, that he had a pistol and was going to kill his father, and that Lisa Doe[5] was holding Mr. Doe hostage at their residence. All these tips proved false but caused Warwick P. D. to respond to Mr. Doe's home. Upon arrival at Mr. Doe's home, Warwick P.D. discovered him on his front lawn. Officers

---

[3] As against Warwick P.D., Count I is under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendment; Count II is for failure to train; Counts III and IV are for violations of the ADA and Rehabilitation Act; Count V is for violating the Rhode Island Civil Rights for People with Disabilities, R.I.G.L. § 42-87-1; Count VI is for false arrest/imprisonment; Count VII is for vicarious liability; Count VIII is for assault and battery; Count IX is for negligent infliction of emotional distress; and Count X is for civil liability for criminal offenses, R.I. Gen. L. § 9-1-2. Warwick P.D. did not move to dismiss these counts.

[4] In 2022, Joseph Roe had made multiple posts about Mr. Doe on several online social media platforms. These posts include his personal information, and other highly offensive and false statements about Mr. Doe and his family.

[5] Yet again, another pseudonym.

allegedly aimed their shotguns and rifles at him and detained him in an aggressive manner.

Mr. Doe and his parents filed this lawsuit, alleging that Warwick P.D. violated multiple federal and state laws in responding to his home and that Citizen Observer was negligent because its design of the Tip411 policing technology was defective and it failed to properly train and/or warn its users of foreseeable harms.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6), the Court must "accept as true all well-pleaded facts set forth in the complaint and draw all reasonable inferences therefrom in the pleader's favor." *Artuso v. Vertex Pharm., Inc.*, 637 F.3d 1, 5 (1st Cir. 2011). It "augment[s] these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Haley v. City of Bos.*, 657 F.3d 39, 46 (1st Cir. 2011) (citing *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003)).

A complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "detailed factual allegations" are not necessary, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the complaint must "contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include "factual content that allows the court to draw a reasonable inference that the defendant is liable for

3

the misconduct alleged." *Id.* "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 555)). Here, the Court accepts Mr. Doe's allegations as true and interprets them in a way that is most favorable to him.

## III. DISCUSSION

Citizen Observer argues that Mr. Doe's claims of negligence, breach of warranty, and strict liability should be dismissed because it is immune from state-law claims under the Communications Decency Act of 1996. 47 U.S.C. § 230. The Act's primary purpose is to encourage "the unfettered and unregulated development of free speech on the Internet, and to promote the development of e-commerce." *Id.* Generally, the Act shields forums and social media applications from liability for the posts of other users. Section 230(c)(1) states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." *Id.* Unless an exception applies, a defendant is immune from a state-law claim if "(1) [the defendant] is a 'provider or user of an interactive computer service'; (2) the claim is based on 'information provided by another content provider;' and (3) the claim would treat [the defendant] 'as the publisher or speaker' of that information." *Universal Commc'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 419 (1st Cir. 2007) (quoting 47 U.S.C. § 230). Because the parties agree that the first prong is met for the purposes of this motion, the Court will start its analysis on the second prong.

### A.   Immunity from Third-Party Content

Citizen Observer argues under the second prong that it is immune because Mr. Doe's claims are based on information Mr. Roe, another content provider, provided. It is established that "§ 230 creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service." *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997).

But Mr. Doe counters that he does not allege damages due to the effects of Mr. Roe's false tips. His claims are based on the Tip411 product; that is, he is asserting product liability, negligence, and breach of warranty claims based on Citizen Observer's own conduct in developing, marketing, and selling an allegedly defective law enforcement tool. His claims are also focused on the absence of adequate warnings to Tip411 users and Citizen Observer's failure to provide municipal trainings. Reading the allegations in Mr. Doe's complaint and taking the facts stated as true, the Court finds that Mr. Doe claims against Citizen Observer are product liability claims based on its conduct in defectively designing and failing to warn and/or train foreseeable users and breach of warranty of the Tip411product.

### B.   Immunity as a Publisher

Citizen Observer argues that it is immune from Mr. Doe's state-law claims and they should be dismissed because they are based on its actions as a publisher and/or speaker–actions that inherently require Citizen Observer to perform traditional functions of a publisher. Traditional functions of a publisher include "deciding

5

whether to publish, withdraw, postpone or alter content." *Id.* Illogically, Citizen Observer also asserts that it acts as a passive message board and/or server host. Mr. Doe agrees with the latter, asserting that Citizen Observer does not take part in any of the communication that is directed through their platform in anyway, as they do not monitor, filter, or address the tips that travel through the application. Because it has been established that a publisher takes part in "reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content[,]" *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009), Mr. Doe asserts that it is impossible for Citizen Observer to be immune as a publisher and/or speaker of Mr. Roe's posts when it acts as a passive message board and does not review, edit, or monitor what posts are published on its platform. The Court finds that Mr. Doe's claims do not treat Citizen Observer as a publisher and therefore it is not immune from his state-law claims.

## IV.  CONCLUSION

Based on the allegations in Mr. Doe's complaint, which the Court must take as true at this stage, Section 230 of the Communications Decency Act of 1996 does not provide Citizen Observer with immunity from Mr. Doe's product liability-based claims. The Court DENIES Citizen Observer's Motion to Dismiss Counts XI, XII, XIII, and XIV. ECF No. 14.

IT IS SO ORDERED.

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

August 1, 2025